NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3933
_____

RALPH MORALES; MILA MORALES,
Individually and as Husband and Wife,

Appellants

v.

SUPERIOR LIVING PRODUCTS, LLC;
JOSEPH SCOTT, doing business as
SUPERIOR LIVING PRODUCTS, LLC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cv-04419)
District Judge: Honorable James Knoll Gardner
_____

Submitted Under Third Circuit LAR 34.1(a)
on October 7, 2010

Before: FUENTES, JORDAN and ALDISERT, <u>Circuit Judges</u>
(Opinion Filed: October 28, 2010)

_____

OPINION OF THE COURT
_____

ALDISERT, <u>Circuit Judge</u>.

Appellants Ralph Morales and Mila Morales alleged seven causes of action

1

against Defendants Superior Living Products, LLC, and Joseph Scott (collectively, "Superior"), including a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. The District Court dismissed all seven causes of action for failure to state a claim. Appellants contest only the civil RICO ruling on appeal. For the reasons set forth below, we will affirm the District Court.[1]

I.

Because the only issue before us is whether Appellants properly pleaded a RICO cause of action and because the parties are familiar with the facts and proceedings in the District Court, we proceed immediately to consider Appellants' First Amended Complaint.

The RICO Count alleged that Superior engaged in a scheme to defraud by "inducing individuals to enter into dealership agreements . . . to that person's financial detriment and Defendants' financial gain, knowing same would not be performed." Appellants averred that a third party advised them that he and six or so other dealers had lost their "buy-in" funds to Superior as a result of similar "bait and switch" tactics. Appellants set forth nine predicate acts, which essentially alleged the use of telephone, email, fax and mail to have conversations, advertise, send a contract and deliver a bathtub.

The District Court dismissed the RICO Count, stating it lacked sufficient

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal for failure to state a claim. Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010).

specificity for a fraud-based RICO claim. Morales v. Superior Living Prods., LLC, No. 07-cv-04419, 2009 WL 3234434, at *10 (E.D. Pa. Sept. 30, 2009). The Court noted the predicate acts as pleaded lacked precision, some measure of substantiation, or any specific details. Id. at *12 (citing Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007)).

II.

Appellants' First Amended Complaint did not identify the provision of the RICO statute upon which they based their claims. We agree with the District Court that they apparently seek to proceed under 18 U.S.C. § 1962(c), which states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"Racketeering activity" includes conduct indictable as federal mail or wire fraud. Id. § 1961(1).

To state a claim for a violation of § 1962(c), a claimant must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). Because Appellants present a fraud-based RICO claim, they must plead with particularity the circumstances of the alleged fraud. Id. They may meet this requirement by pleading the "date, place or time" or by "injecting precision and some measure of substantiation into their allegations." Id. at 224 (citation omitted).

Directly contrary to Appellants' statements before us, the District Court gave them

3

express notice that the RICO claim was subject to Rule 9(b)'s particularity requirements. We determine that Appellants failed to plead the alleged "predicate acts" with sufficient particularity. Appellants have not supplied any facts that provide some measure of substantiation for their fraud-based RICO claim beyond general averments. Indeed, the District Court previously pointed Appellants to the requirements as set forth in <u>Lum</u> and allowed them to amend their original Complaint to plead with more particularity. This Appellants have not done. Further, in light of Appellants' failure to plead with more specificity, the Court appropriately denied leave to amend the First Amended Complaint.

*****

We have considered all the contentions presented by the parties and conclude that no further discussion is necessary.

We will affirm the Judgment of the District Court.